UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MITCHEL VARDEMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:24-CV-1227 ACL ) |
| ST. CHARLES CO. DETENTION CENTER, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented Plaintiff Mitchel Vardeman, an inmate at the St. Charles County Department of Corrections, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $16.43. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will allow Plaintiff the opportunity to submit an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, Plaintiff submitted a copy of his inmate account statement. ECF No. 5. A review of Plaintiff's account from the relevant period indicates an average monthly deposit of $82.17 and an average monthly balance of $0.86. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.43, which is 20 percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Self-represented Plaintiff filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff brings his claims against twelve Defendants: (1) St. Charles County Detention Center ("SCCDC"); (2) Sergeant Allen; (3) Correctional Officer Sharp; (4) Nurse Unknown A; (5) Nurse Unknown B; (6) Sergeant Shanks; (7) Correctional Officer Rodregus; (8) Correctional Officer Niclson; (9) Correctional Officer Buckles; (10) Correctional Officer Maralious; (11) Correctional Officer Miller; and (12) Correctional Officer J. Gran. He appears to assert that all Defendants are employees of the SCCDC. Plaintiff does not specify whether he is suing Defendants in their official or individual capacities, or both.

Plaintiff alleges that in March of 2024 his dental crown broke and fell out, causing extreme pain and infection. He states, despite many requests for medical assistance, he was denied access to a dentist for four months. He further claims he got a staph infection in August of 2024 from unsanitary living conditions. He indicates he submitted five requests to see a doctor, but there was a two-week delay for the initial evaluation of his infection. He alleges he was subsequently denied daily treatment of his open wound, which he describes to be the size of a tennis ball, despite the doctor's orders to clean the infected area and change his dressings on a daily basis. While suffering

3

from these medical issues, Plaintiff indicates he was moved to a moldy cell with a non-working toilet. He claims he lodged several complaints about the conditions, but was ignored.

Plaintiff filed an eight-page supplement to his complaint. ECF No. 6. This document provides the dates of when he submitted grievances, requests for medical assistance, and requests to be moved to a different cell with a working toilet.

## Discussion

Having thoroughly reviewed and liberally construed the complaint, and for the reasons discussed below, the Court will direct Plaintiff to amend his complaint for the purpose of curing his pleading deficiencies.

Plaintiff did not specify whether he is suing Defendants in their official or individual capacities, or both. Where a complaint is silent about the capacity in which a plaintiff is suing a defendant, the district court must interpret the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff appears to assert that all Defendants are employees of the SCCDC. The SCCDC is not a suable entity under 42 U.S.C. § 1983 because it is a department or subdivision of local government. *Howell v. Dep't of Just. Servs.*, 2021 WL 4255298, at *4 (E.D. Mo. Sept. 17, 2021) (citing *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992)); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

4

To the extent St. Charles County employs the Defendants, Plaintiff fails to state a claim. Unlike the SCCDC, St. Charles County as a local governing body can be sued under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on a claim against a municipality, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Id.* at 690-91. The instant complaint does not contain any allegations that a policy or custom of St. Charles County was responsible for the alleged violations of Plaintiff's constitutional rights. As a result, the official capacity claims are subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" of the municipality itself that caused the alleged deprivation of plaintiff's rights).

Even if Plaintiff did name Defendants in their individual capacities, the complaint fails to adequately allege facts showing that each of the eleven Defendants were personally aware of and disregarded a substantial risk to Plaintiff's health or safety. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In other words, Plaintiff does not allege specific, non-conclusory facts that he sought treatment from each of the named Defendants and was subsequently denied. Plaintiff states he required dental work for his broken crown and treatment for a staph infection, but he fails to identify by name who exactly he reported his medical issues to and how each individual denied him. A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular

5

action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

To the extent Plaintiff is intending to do so, he cannot hold any of the Defendants liable simply because they held supervisory or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (a general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). In order to show deliberate indifference, Plaintiff must allege that he suffered objectively serious medical needs and Defendants actually knew of but deliberately disregarded those needs. *Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006).

The Court acknowledges that within the supplement to his complaint, he does list the names of Defendants he complained to about the alleged unsanitary conditions and/or requested that he be moved to another cell. The Court does not allow amendments by interlineation or by supplement, however, as it creates confusion in the record especially for the responding party. Further, supplements to a complaint are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure.

Lastly, the case cannot proceed against Defendants "Nurse A" and "Nurse B" unless Plaintiff either identifies exactly who he is trying to sue so that they can be served or he makes sufficiently specific allegations to permit the identification of the Defendants after reasonable discovery. *See Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (an action may proceed against an unknown party only if the complaint makes "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery"). Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).

**Instructions on Amending the Complaint**

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims he wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively,

Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. A claim alleging the liability of a party solely because he or she held an administrative or supervisory position is not cognizable in a civil rights action. *See Boyd*, 47 F.3d at 968 (*respondeat superior* theory inapplicable in § 1983 cases). A supervisor is liable for the actions of his subordinates under § 1983 only if he personally participates in the alleged unconstitutional conduct, or when there is a causal connection between his actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Plaintiff must **not** amend his complaint by filing separate documents. Instead, he must file a single, comprehensive pleading on a Court-provided form that sets forth his claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $16.43 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within **thirty (30) days of the date of this Memorandum and Order**, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 25th day of November, 2024.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE