UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MITCHEL VARDEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-CV-1227 ACL |
| ) | |
| ST. CHARLES CO. DETENTION ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. Self-represented Plaintiff Mitchel Vardeman initiated this case on September 9, 2024, pursuant to 42 U.S.C. § 1983 against eleven employees of the St. Charles County Detention Center (SCCDC) in their official capacities.[1] ECF No. 1. Plaintiff alleged claims of deliberate indifference of a serious medical need and unsanitary living conditions while detained at SCCDC. *Id.* Submitted with the complaint was a motion for leave to proceed *in forma pauperis*. ECF No. 2. On September 30, 2024, the Court received his certified inmate account statement to support his motion to proceed *in forma pauperis*, ECF No. 5, and an eight-page supplement to his complaint, ECF No. 6.

On November 25, 2024, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and granted him leave to proceed without prepaying fees or costs. ECF No. 8. The Court then determined Plaintiff's official capacity claims against Defendants were subject to dismissal because he did not provide any allegations to support a municipal liability claim. *Id.* at 4-5. The

---

[1] Plaintiff did not specify whether he is suing Defendants in their official or individual capacities, or both. Where a complaint is silent about the capacity in which a plaintiff is suing a defendant, the district court must interpret the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Court explained that a suit against a public employee in his or her official capacity is merely a suit against the public employer. *Id.* The Court also noted that even if Plaintiff did name Defendants in their individual capacities, the complaint failed to adequately allege facts showing that each of the Defendants were personally aware of and disregarded a substantial risk to Plaintiff's health or safety.

In consideration of Plaintiff's self-represented status, the Court directed him to file an amended complaint to cure his pleading deficiencies. Plaintiff was mailed the appropriate Court-form and provided specific instructions on how to submit his amendment. He was warned that his failure to timely comply would result in the dismissal of this action without prejudice and without further notice. Plaintiff had thirty (30) days, or until December 26, 2024, to file an amended complaint.

As of the date of this Order, Plaintiff has not complied with the Court's directive to amend his complaint, nor has he sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him more than three weeks of additional time to comply before issuing this Order.

Therefore, this action will be dismissed without prejudice due to Plaintiff's failure to comply with the Court's Memorandum and Order of November 25, 2024, and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint

despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this January 22, 2025.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE